Parker C. J.,
in delivering the opinion of the Court, observed that in the case of Hardy v. Call it was decided, that where an administrator commences an action and fails to support it, judgment for costs is to be rendered against him de bonis propriis; and the reasons for the decision are strong, that a defendant shall not run the hazard of recovering costs against an insolvent estate, and that if the administrator acted properly in bringing the suit, the judge of probate may allow the • costs in an administration account. We have no disposition to disturb that case. The case now before us differs from it in several essential points. An administrator may be compelled to come into court, when his intestate dies before final judgment, and it would be a hard ship to make him pay the costs of a suit which had been a long time pending ; and when he came in, perhaps, in order to give the other party a judgment. If the case of Hardy v. Call stood alone, the present case would not come within it; but it appears that the present case is expressly provided for by the statute. The Court have no authority to enter up judgment de bonis propriis; they are “ authorized, empowered and directed, to enter up judgment for or against the estate of the deceased.”[1]

Judgment reversed and a judgment for costs entered up against the estate of the intestate.

 S. P. Healy v. Root, 11 Pick. 389. See Howe’s Practice, 300.